**Nos. 26-1483 & 26-1644**

# In the
# United States Court of Appeals
## for the Seventh Circuit

_____

James Tuccori, et al.,
*Plaintiffs-Appellees*,

v.

At World Properties, LLC, et al.,
*Defendants-Appellees*,

v.

Aaron Bolton,
*Proposed Intervenor-Appellant*

and

Mya Batton, et al.,
*Plaintiffs-Appellants*,

v.

National Association of Realtors, et al.,
*Defendants-Appellees*

_____

Appeals from the United States District Court for the Northern District of Illinois,
Nos. 24-cv-150 and 21-cv-430, Hon. Lindsay C. Jenkins & Hon. LaShonda A. Hunt

_____

**APPELLANTS' MOTION TO CONSOLIDATE
APPEALS AND EXTEND THE BRIEFING DEADLINE**

_____

GEORGE A. ZELCS
RANDALL P. EWING, JR.
RYAN Z. CORTAZAR
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
(312) 641-9750

VINCENT BRIGANTI
MARGARET MACLEAN
NOELLE FORDE
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
(914) 997-0500

*Counsel for Appellant*

**INTRODUCTION**

Proposed Intervenor-Appellant Aaron Bolton respectfully moves to (1) consolidate his two related appeals in this Court—*Tuccori v. At World Properties LLC*, No. 26-1483 and *Batton v. National Association of Realtors*, No. 26-1644—and (2) extend the briefing schedule by 60 days after his earlier May 12, 2026 deadline in *Batton* (the *Tuccori* deadline being May 18, 2026). This extension would set the deadlines for his briefs in these appeals on July 13, 2026 because July 11 falls on a Saturday. Both appeals arise from the same facts and require analysis of related and complicated legal issues concerning the proper remedy to stop ongoing harms to him and the Class of homebuyers he represents. This is the first request for an extension of time in these appeals, and the required affidavit has been attached as an exhibit to this motion. A notice of this motion together with a copy of it were provided to Appellees prior to filing.

The existence of these two separate appeals results from the nature of Appellees' "reverse auction" settlement to extinguish Defendant Anywhere Real Estate's liability in Bolton's first-filed case through a later-filed, duplicative case before a different District Judge that never named Anywhere as a party prior to moving for approval of the class-action settlement. To pave the path for settlement approval, the *Tuccori* Plaintiff-Appellees (in No. 26-1483) sought to amend the complaint in their later-filed case solely to settle Bolton's valuable class claims for a lower dollar amount without adversarial litigation. Immediately after Bolton learned of this, he diligently moved both District Judges to stop this misconduct. Bolton's appeal of these two denials created these separate appeals.

All of the factors weighing upon consolidation are met here. No party to the appeals would suffer any prejudice because the two appeals already have nearly identical briefing schedules and the parties are mostly overlapping. Consolidation would also conserve significant

judicial resources by requiring only one panel to familiarize itself with the underlying substantive and procedural facts as well as the interlocking legal issues. Finally, consolidation would serve the interests of justice to prevent potentially conflicting outcomes that might cause confusion and lead to different results in future cases involving these issues.

Because this consolidated appeal involves related but legally distinct questions of complex civil procedure, Bolton requests a 60-day extension to his deadline to file his consolidated brief. This appeal likely requires analysis of at least the following: Federal Rules of Civil Procedure 15, 23, 24, 65, and 28 U.S.C. §§ 1291 and 1292. To fully address these issues with the detail they require, Bolton is in the process of retaining separate appellate attorneys that require additional time to familiarize themselves with the complex, five-year history of this litigation as well as the complicated law at the heart of the appeal. Bolton's counsel could not anticipate the surprise reverse auctions giving rise to this appeal. Consequently, he could not retain appellate counsel in advance who could plan their schedules in expectation of a potential appeal. The requested 60 days would provide Bolton's attorneys necessary time to draft polished briefs that will aid this Court in navigating the complex issues on appeal.

## BACKGROUND

Bolton is a plaintiff in the first lawsuit, *Batton*, brought by a class of homebuyers alleging a decades-long, nationwide conspiracy among the National Association of Realtors ("NAR") and real estate brokers, including defendant Anywhere. Bolton and the homebuyer class have litigated *Batton* for over five years. Bolton and his counsel have defeated multiple motions to dismiss, taken extensive discovery involving hundreds of thousands of documents and over a terabyte of data, prepared and sat for depositions, and filed for class certification, disclosing the

strength of his renowned industry and economic experts who put defendants on notice of the extent of their liability for more than $2 billion.

Nearly three years after *Batton* was commenced, counsel in *Tuccori* filed their complaint, mirroring in all material respects the allegations, case theory, class definition, and causes of action in Bolton's amended complaint. *Compare Tuccori* ECF No. 1-2 at 32-38, *with Batton*, ECF No. 84 at 43-51 (alleging violations of Sherman Act, state antitrust statute, state consumer protection statute, and unjust enrichment on behalf of homebuyers). *Tuccori*, however, did not name any of the large brokerages that Bolton had been actively litigating against for years. Instead, *Tuccori* named a single, Illinois defendant, At World Properties. And shortly after filing, *Tuccori* counsel stayed their case to pursue settlement before any adversarial litigation began. *Tuccori* ECF No. 18.

Two days after Bolton announced an icebreaker settlement with defendant Keller Williams Realty in February 2026, *Tuccori* counsel negotiated a settlement with Anywhere— despite Anywhere not being a defendant in that case. Later that February, *Tuccori* counsel moved to amend their complaint solely for settlement purposes to have the hook necessary to seek preliminary approval of their Anywhere settlement.

Bolton acted immediately to stop this improper reverse auction. The very next day after *Tuccori* counsel announced their settlement, Bolton moved to intervene in *Tuccori* to oppose amendment of the complaint and to enjoin the *Tuccori* plaintiffs, their counsel, and Anywhere from engaging in any further reverse-auction conduct. That same day, Bolton moved to reassign *Tuccori* to the judge hearing his case under Local Rule 40.4. And the following day, Bolton moved the judge in his case to also preliminarily enjoin Anywhere from further pursuit of the reverse-auction settlement approval.

Judge Jenkins, who is overseeing *Tuccori*, denied Bolton's motion to intervene, finding that he had no right to intervene and that he must proceed only through a Rule 23(e) final settlement objection. Judge Hunt, overseeing *Batton*, refused Bolton's motion for preliminary injunction and denied his reassignment motion for similar reasons.

Bolton timely filed appeals in both cases, and his docketing statement in the later-filed *Batton* appeal identified his *Tuccori* appeal as related. *Batton* 7th Cir. ECF No. 1-1 at PDF p.5. The briefing schedules are nearly identical. For *Batton*, Bolton's opening brief is due May 12, 2026; Appellees' briefs are due June 11, 2026; and Bolton's reply is due July 2, 2026. *Batton* 7th Cir. ECF No. 1. For *Tuccori*, Bolton's opening brief is due May 18, 2026; Appellees' briefs are due June 17, 2026; and Bolton's reply is due July 8, 2026. *Tuccori* 7th Cir. ECF No. 15.

## ARGUMENT

### I.     Consolidation of Bolton's Appeals Is Appropriate and Serves the Interests of Justice

Upon the filing of "timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2). "The circuit court has discretion to consolidate appeals if it deems it appropriate and if it concludes that consolidation will serve the interests of justice . . . ." 20 Moore's Federal Practice - Civil § 303.41. Consolidation is deemed appropriate where it "might save the parties time and expense and possibly lighten the labors of the circuit court." *Id.* This Court has "consolidate[d]" appeals that involve "overlapping" class actions— particularly where a defendant "found a plaintiff (or lawyer) willing to sell out the class . . . to thwart parallel class actions where the class had more vigorous champions." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999); *accord Alcarez v. Akorn, Inc.*, 99 F.4th 368, 372 (7th Cir. 2024) (appeal of "six suits" where "five of the six suits had been filed as class actions"); *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279, 282 (7th Cir. 2002) ("We have

4

consolidated for decision a number of appeals from orders by the district court," *id.* at 279, involving allegations of "reverse auction," *id.* at 282).

Here, there is no doubt that consolidation would save the parties time, expense, and lighten the labors of this Court. As it currently stands, the cases have near parallel briefing schedules. Without consolidation, Bolton and the Appellees will need to file two separate briefs sharing essentially identical facts within one week. Consolidating the briefing will necessarily save the parties resources attendant to drafting, editing, filing, and printing overlapping briefs.

Consolidation would also save judicial resources. The facts giving rise to the two appeals are essentially the same. And both appeals involve related legal issues in this Court's class-action jurisprudence. Both appeals will require this Court to consider the relationship between a Rule 23(e) objection, Rule 24 intervention, and preliminary injunctions in overlapping class actions. The operative case law is also likely to overlap—including, *Blair*, *Alcarez*, and *Reynolds*, among other cases in which this Court has considered misconduct by class action lawyers that creates ongoing harms to the Class.

For this reason, consolidation also serves the interests of justice. Given the factual and legal overlap, failure to consolidate risks the creation of potentially conflicting precedent—or at least precedent that may be perceived as conflicting by class-action litigants in Seventh Circuit district courts. Consolidation would ensure that the forthcoming opinion in these appeals could not be construed as providing potentially different interpretations of the relevant legal authorities.

Finally, no party in this appeal would suffer prejudice from consolidation. As mentioned above, the schedule in this case is nearly identical. Adjusting the briefing by one week in the *Batton* appeal would not create any prejudice by delaying resolution. Additionally, both appeals involve the same Appellant (Bolton) and a common Appellee (Anywhere). The only difference

between the appeals is that the *Tuccori* plaintiffs are parties to the *Tuccori* appeal but not the *Batton* appeal. But *Tuccori* plaintiffs suffer no prejudice by having the appeal involving their case consolidated with *Batton* because both appeals will likely determine their rights in both cases going forward whether consolidation occurs or not.

## II.    The Circumstances Warrant a Sixty-Day Briefing Extension

A moderate 60-day briefing extension here is warranted due to the factual and legal complexity of this appeal and to allow Bolton's appellate counsel to adequately understand these matters and prepare an adequate brief. Specific details about this complexity are further demonstrated in the attached affidavit.

Bolton's appeal involves complicated questions of civil procedure. Specifically, his appeal concerns his ability intervene under Federal Rule of Civil Procedure 24 in order to block amendment of a complaint under Rule 15 and preliminarily enjoin the Appellees under Rule 65 in order to stop a reverse auction in class actions governed by Rule 23. In this appeal already, Bolton has filed a nearly 5,200-word brief defeating an Appellee's motion to dismiss his first appeal for not satisfying the final judgment rule under 28 U.S.C. § 1291. But the order denying dismissal still allowed Appellees to contest jurisdiction in their merits briefs, and that argument may also implicate the appealability of orders refusing injunctions under § 1292. This Court has extensive case law governing each of these rules and statutes, and determining the proper path forward will require extensive, detailed analysis.

To help navigate this appeal that involves questions of exceptional importance for class litigation in this Circuit, Bolton is retaining appellate counsel. But because the reverse-auction issue came as a surprise just after Bolton began announcing his own class settlements, Bolton did not anticipate the need for appellate counsel until after the appealed District Court rulings were

entered in March 2026. Consequently, the appellate counsel to be retained by Bolton could not have planned their schedules with this appeal in mind.

In addition to these scheduling concerns, the factual complexity of this case requires diligent attention to the record of two cases with completely different procedural histories dating back five years until they unexpectedly intertwined in February 2026. This factual complexity even extends beyond the cases on appeal because the Appellees' arguments in their jurisdictional briefs indicate that they will raise factual issues pertaining to the litigation in home-sellers' cases in the Eighth Circuit, the Western District of Missouri and before the Judicial Panel on Multidistrict Litigation. *See generally* Anywhere's Motion to Dismiss for Lack of Jurisdiction, *Tuccori*, No. 26-1483 ECF No. 8 (7th Cir.); Plaintiff-Appellees' Response ISO Motion to Dismiss, *id.* ECF No. 12. The large breadth of the relevant procedural facts warrants granting additional time to allow appellate counsel to familiarize themselves with the extensive dockets in the cases on appeal and the related cases that the Appellees intend to raise.

This Court has granted 60-day extensions in similar circumstances that involve complicated legal issues and complex factual records. *See, e.g.*, *City of East St. Louis v. Netflix, Inc.*, No. 22-2905 ECF No. 39 (7th Cir.) (granting 60-day extension); *Motorola Solutions, Inc. v. Hytera Comms. Corp.*, Nos. 22-2370 & 22-2413 (7th Cir.), ECF No. 9 (7th Cir.) (granting (60-day extension); *Vega v. Chi. Bd. of Educ.*, No. 23-1183, ECF No. 11 (7th Cir.) (granting 60-day extension).

### CONCLUSION

Appellant Bolton respectfully requests this Court consolidate his appeals, Nos. 26-1483 and 26-1644, and set the consolidated briefing schedule to reflect that his briefs are due on July 13, 2026, in order to serve the interests of justice and conserve party and judicial resources.

Respectfully submitted,

/s/*Randall P. Ewing*

George A. Zelcs                          Vincent Briganti
Randall P. Ewing, Jr.                    Margaret MacLean
Ryan Z. Cortazar                         Noelle Forde
KOREIN TILLERY LLC                       LOWEY DANNENBERG, P.C.
205 N. Michigan Avenue, Suite 1950       44 South Broadway, Suite 1100
Chicago, Illinois 60601                  White Plains, New York 10601
(312) 641-9750                           (914) 997-0500

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,136 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) incorporated into Fed. R. App. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 12-point Times New Roman style font.

Dated: April 23, 2026

/s/ Randall P. Ewing
Randall P. Ewing
One of the Attorneys for Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2026, Appellants' Motion to Consolidate Appeals and Extend the Briefing Deadline was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


*/s/ Randall P. Ewing*
Randall P. Ewing